UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

          v.

SILBERT NICHOLSON

          Defendant.

------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CR-7 (WFK)
15-CR-287 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 1, 2024, Silbert Nicholson ("Defendant") pled guilty to Count One of a single-count Indictment in 23-CR-7,[1] charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Plea Agreement ¶ 1, ECF No. 24. Defendant also pled guilty to Charge Two of the Violation of Supervised Release Report filed on October 5, 2022 in 15-CR-287 (the "VOSR Report"), charging Defendant with violating the mandatory condition of supervision prohibiting the commission of "another federal, state or local crime" by being a felon in possession of a firearm. Minute Entry for Change of Plea Hearing dated February 1, 2024; *see also* VOSR Report, ECF No. 1095, 15-CR-287. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). This sentence, which encompasses both Count One of the Indictment and Charge Two of the VOSR, is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). For the reasons set forth below, Defendant is hereby sentenced to 33 months of incarceration, to be followed by 2 years of supervised release with the standard and special conditions, and payment of the mandatory special assessment of $100.00.

## I. BACKGROUND

On October 1, 2022, officers of the New York City Police Department approached a double-parked car in front of 211 East 34th Street, New York, New York. **Sealed** Presentence Investigation Report ("PSR") ¶ 4, ECF No. 25. Officers observed Defendant in the car's rear passenger side seat with a firearm sticking out of his pants pocket. *Id.* Officers searched Defendant and recovered a Zastava Arms M70 .32 caliber pistol with six bullets in the magazine

---

[1] All docket citations and references to "Counts" of convictions are to 23-CR-7 unless otherwise stated.

1

and one in the chamber. *Id.*; Violation of Supervised Release Report ("VOSR Report") at 7, ECF No. 23. Defendant was arrested and initially charged in Kings County Supreme Court. **Sealed** PSR ¶ 4. The state charge was later adopted in deference to the federal prosecution. *Id.* At the time of the offense, Defendant was on supervised release relating to a September 2018 felony conviction for Cocaine Base Trafficking Conspiracy. *Id.* ¶ 3.

On October 5, 2022, Probation filed a Violation of Supervised Release Report ("VOSR Report") under docket number 15-CR-287, charging Defendant with four violations of conditions of supervised release. VOSR Report at 6. Charge One alleged Defendant possessed a firearm in violation of the Judgment & Commitment set forth on September 7, 2018. *Id.* Charges Two, Three, and Four alleged Defendant committed another federal, state, or local crime (Criminal Possession of a Weapon: Loaded Firearm). *Id.*

On January 6, 2023, a grand jury returned a then-sealed, single-count Indictment under docket number 23-CR-7, charging Defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8). Indictment, ECF No. 1.

On February 1, 2024, Defendant entered a guilty plea to Count One of the Indictment, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Plea Agreement, ECF No. 24. Defendant also pled guilty to Charge Two of the VOSR Report, charging him with violating the mandatory condition of supervision prohibiting the commission of "another federal, state or local crime" by being a felon in possession of a firearm. Minute Entry for Change of Plea Hearing dated February 1, 2024. Pursuant to the parties' plea agreement, Defendant agreed not to file an appeal or otherwise challenge his sentence if the Court imposed a term of imprisonment of 63 months or below. Plea Agreement ¶ 4.

## II. LEGAL STANDARD

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## III. ANALYSIS

### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

1. *Family and Personal Background*

Defendant was born on June 4, 1992, in Brooklyn, New York. **Sealed** PSR ¶ 31. Although Defendant's parents separated shortly after his birth, they co-parented him until his father was deported to Jamaica in 2011. *Id.* ¶ 34. Soon after separating from Defendant's

father, Defendant's mother began a relationship with a man named Narrista Heslop. *Id.* Mr. Heslop helped raise Defendant before Mr. Heslop was shot and killed in April 2002. *Id.*

Defendant has not spoken to his father since 2014. *Id.* ¶ 31. However, he remains close to his mother, who lives in the area and works as a nurse's aide.

    2.    *Educational and Employment History*

Defendant attended Paul Robeson High School in Brooklyn, New York, through the 11th grade. *Id.* ¶ 44. Defendant left school prior to graduating because he was afraid of attending school after being shot. *Id.* Defendant ultimately earned his GED in 2018 while in custody with the BOP. *Id.* ¶ 43. Defendant also earned a certificate in Culinary Arts and Food Protection while serving a custodial term in state prison. *Id.* ¶ 45.

In 2022, Defendant worked for five months as a maintenance worker at the Barclays Center. *Id.* ¶ 47. Defendant's employment at the Barclays Center ended due to the seasonal nature of the work. *Id.* This appears to have been Defendant's only fulltime job. *Id.* ¶ 48. Defendant has been in custody since October 1, 2022. *Id.* ¶ 46.

    3.    *Prior Convictions*

In addition to the conduct charged in the instant case, Defendant has two prior convictions. In 2009, at age 16, Defendant was arrested, and later convicted, for Robbery in the Third Degree in the Kings County Supreme Court in Brooklyn, New York. *Id.* ¶ 20. In 2015, at age 23, Defendant was arrested, and later convicted, for Cocaine Base Trafficking Conspiracy in the Eastern District of New York in Brooklyn, New York. *Id.* ¶ 21.

    4.    *Physical and Mental Health*

In 2011, Defendant was struck by a stray bullet in his right leg. *Id.* ¶ 34; Def. Mem. at 3. He continues to experience residual pain because doctors could not remove the bullet. *Id.* ¶ 39. This pain does not interfere with Defendant's daily functioning. *Id.*

Defendant reported no history of adverse mental or emotional health conditions. *Id.* ¶ 40.

5.   *Substance Abuse*

Defendant began smoking marijuana at age 13, and he has continued to do so until his arrest for the instant offense. *Id.* ¶ 41. In 2009, Defendant attended a five-month outpatient drug treatment program. *Id.* In 2010, Defendant attended an inpatient drug treatment program, but he did not complete it. *Id.* From November 2010 to January 2011, Defendant attended a different inpatient program. *Id.*

On May 19, 2021, Defendant was approved by the New York State Department of Health to participate in the Medical Marijuana Program. *Id.* ¶ 39. Defendant's certification expired on May 19, 2022, and it is unclear whether he is currently authorized to participate in the program. *Id.*

Defendant reported drinking alcohol on the weekends and special occasions. *Id.* ¶ 42.

6.   *Nature and Circumstances of the Offense*

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B.   The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved possessing a firearm while knowing he had a previous felony conviction. *See supra* Part I. Defendant committed the instant offense while on supervised release for a prior conviction before this Court of Cocaine Base Trafficking Conspiracy. *Id.* The Court's sentence deters others from engaging in similar acts and justly punishes Defendant for his crimes.

### C.     The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Indictment and to Charge Two of the VOSR Report. Plea Agreement ¶ 1; Minute Entry for Change of Plea Hearing dated February 1, 2024.

For Count One, Defendant faces a statutory maximum term of imprisonment of fifteen (15) years and no minimum term of imprisonment. 18 U.S.C. §§ 922(g)(1), 924(a)(8). For Charge Two of the VOSR Report, Defendant faces a statutory maximum term of imprisonment of two years and no minimum term of imprisonment. 18 U.S.C. §§ 3583(e)(3), 3583(g).

For Count One, Defendant faces a maximum term of supervised release of three years. 18 U.S.C. § 3583(b)(2). If Defendant violates a condition of release, Defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision. 18 U.S.C. §§ 3583(e). For Charge Two of the VOSR Report, Defendant faces a maximum term of supervised release of three years, less any term of imprisonment imposed upon the revocation of supervised release. 18 U.S.C. § 3583(h). Pursuant to 18 U.S.C. § 3561(c)(1), Defendant is eligible for a term of probation between one

6

and five years on Count One because it is a Class C felony. If a term of probation is imposed, a fine, restitution, or community service must also be imposed, unless "extraordinary circumstances" exist. 18 U.S.C. § 3563(a)(2).

Defendant faces numerous other penalties. Defendant faces a maximum fine of $250,000.00. 18 U.S.C. § 3571(b)(3). However, Defendant's financial profile indicates he is unable to pay a fine. **Sealed** PSR ¶ 51. Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to impose a mandatory special assessment of $100.00.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

The applicable Guideline for felon in possession offenses is U.S.S.G. §2K2.1, which provides a base offense level of 20 if the defendant committed the instant offense subsequent to sustaining a felony conviction of a controlled substance offense. U.S.S.G. §2K2.1(a)(4)(A). Because Defendant's September 2018 federal conviction for Cocaine Base Trafficking Conspiracy is a controlled substance offense, the base offense level for the instant offense is 20. Defendant's timely acceptance of responsibility results in a three-level reduction pursuant to U.S.S.G. §3E1.1. Altogether, Defendant has a total adjusted offense level of 17. All parties agree with these calculations. **Sealed** PSR ¶ 18; Gov't Mem. at 1; Def. Mem. at 1.

Probation calculates Defendant's criminal history score as three, yielding a criminal history category of II. **Sealed** PSR ¶ 22. All parties agree with this calculation. Gov't Mem. at 4; Def. Mem. at 1.

Based on a criminal history category of II and a total offense level of 17, Defendant's Guidelines sentencing range for Count One is 27 to 33 months of imprisonment. U.S.S.G. Ch. 5., Pt. A. All parties agree with these calculations. **Sealed** PSR ¶ 53; Gov't Mem. at 4; Def. Mem. at 1.

In addition, the recommended Guidelines range of imprisonment for Charge Two of the VOSR Report is 6 to 12 months of imprisonment. U.S.S.G. §7B1.4(a) (Policy Statement); VOSR Report at 10, ECF No. 23. Neither the Government nor defense counsel calculate the recommended Guidelines range for Charge Two. If the terms of imprisonment for Count One and Charge Two were to run consecutively, as permitted by the Guidelines, Defendant's total effective Guidelines range of imprisonment would be 33 to 45 months. *See* U.S.S.G. §7B1.3(f) (Policy Statement); Application Note 4 to U.S.S.G. §7B1.3.

The parties' recommendations as to an appropriate sentence vary.

Probation recommends a sentence of 33 months' imprisonment to run consecutive to any term of imprisonment imposed in relation to Charge Two of the VOSR Report,[2] two years of supervised release with special conditions, and a $100.00 special assessment fee. **Sealed** Probation Recommendation at 1, ECF No. 25-1. Probation bases its recommendation on the seriousness of Defendant's conduct—possession of a firearm while on supervised release for a prior felony offense—and the need for specific deterrence. *Id.* Probation notes any prison sentence imposed for Defendant's VOSR charge may be imposed consecutively to the recommended 33 months on Count One. **Sealed** PSR ¶ 54.

---

[2] As of October 5, 2022, Probation recommended a sentence of 12 months' imprisonment for Defendant's violation of Charge Two of the VOSR Report. VOSR Report at 12. The PSR filed by Probation on August 1, 2024 did not provide a recommendation for Defendant's sentence on Charge Two of the VOSR Report.

8

Defense counsel recommends a sentence of 27 to 30 months' imprisonment, or time served. Def. Mem. at 1. Primarily, defense counsel asks the Court to impose a lighter sentence on account of Defendant's personal circumstances, including his injury by a stray bullet, lack of formal education, and absence of a strong father figure. *Id.* at 3. Defense counsel argues a sentence at the low end of the Guidelines range will enable Defendant to mature by attending vocational training, counseling, and drug rehabilitation programs. *Id.* Finally, defense counsel points to Defendant's acceptance of responsibility in this case as evidence of his good character. *Id.*

The Government recommends a Guidelines sentence of 27 to 33 months' imprisonment. Gov't Mem. at 4. The Government recommends this sentence due to the seriousness of the offense; Defendant's commission of the offense while on supervised release, which, the Government contends, demonstrates Defendant's "lack of respect for the law and inability to adhere to the orders imposed by this Court"; and the need for specific and general deterrence. *Id.*

This Court appreciates the sentencing arguments raised by all parties and has considered each of these arguments in turn.

### E.    Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation has referenced U.S.S.G. §7B1.3(f) (Policy Statement), which provides, in part, "[a]ny term of imprisonment imposed upon the revocation of probation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." *See also* Application Note 4 to U.S.S.G. §7B1.3 (Policy Statement). Accordingly, Probation suggests the sentence for Count One be imposed to run consecutive to any term of

9

imprisonment imposed in relation to Defendant's violation of supervised release. **Sealed Probation Recommendation at 1.**

The parties have not expressly drawn the Court's attention to any other applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F.   The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The parties have not identified any concerns regarding sentence disparities in this case. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G.   The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

Restitution is inapplicable in this case under 18 U.S.C. § 3663A.

## IV. CONCLUSION

For the reasons set forth above, the Court imposes a sentence of 33 months of incarceration; 2 years of supervised release with both the standard conditions of supervised release and special conditions; and the mandatory $100.00 special assessment. This sentence, which encompasses both Count One of the Indictment and Charge Two of the VOSR, is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Presentence Investigation Report and addenda thereto, ECF Nos. 25 and 25-1, barring any errors therein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2025
Brooklyn, New York

11